**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEVINE PITTMAN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 07-5076** |
| **RAYMOND SOBINA, et al.** | : | |

**O R D E R**

AND NOW, this 17th day of July, 2008, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), Respondent's Answer (Doc. No. 7), the Magistrate's Report and Recommendation (Doc. No. 11), and Petitioner's Objection to the Report and Recommendation (Doc. No. 12), it is ORDERED and DECREED:

1. Petitioner's Objection to the Report and Recommendation is **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for a Writ of Habeas Corpus is **DENIED**;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk of Court shall close this matter for statistical purposes.

I.   **FACTUAL BACKGROUND**

On March 9, 2004, Petitioner Devine Pittman entered a *nolo contendre* plea to two counts of robbery, one count of criminal conspiracy, and one count of possessing an instrument of crime in the Philadelphia Court of Common Pleas.  (Doc. Nos. 7 & 11.)  Petitioner received a sentence of six to fifteen years imprisonment followed by five years reporting probation.  (Id.)  Petitioner never directly appealed, and his opportunity to do so ended on April 8, 2004.  (Doc. Nos. 7, 11, 12.)

On July 6, 2004, Petitioner filed a Pennsylvania Post Conviction Relief Act Petition.  (Id.)  Appointed Counsel subsequently filed a "no merit" letter.  (Doc. Nos. 7 & 11.)  The PCRA Court dismissed Petitioner's PCRA Petition on July 7, 2005.  (Doc. Nos. 7, 11, 12.)  Petitioner appealed to the Superior Court, which affirmed on May 19, 2006.  (Id.)  The Pennsylvania Supreme Court denied Petitioner's request for the allowance of appeal on January 4, 2007.  (Id.)

On November 29, 2007, Petitioner filed the instant Petition.  See Doc. No. 1; 28 U.S.C. § 2254.  The Government contended that the Petition was barred by AEDPA's strict one-year statute of limitations.  See Doc. No. 7.  On June 30, 2008, the Magistrate Judge concluded in her Report and Recommendation that the Petition was indeed time-barred.  (Doc. No. 11).  Petitioner now objects to that conclusion.  (Doc. No. 12.)

## II.    STANDARD OF REVIEW

The extent of my review of a Magistrate's report is committed to my discretion.  See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa. 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  I must review de novo, however, those portions of the Report to which specific objection is made.  28 U.S.C. § 636(b)(1)(C); see generally Goney, 749 F.2d at 6-7.

## III.    PETITIONER'S OJBECTION TO THE REPORT AND RECOMMENDATION

Petitioner objects to the Magistrate Judge's conclusion that his Petition is time-barred.  (Doc. No. 12.).  I will overrule the objection.

A strict one-year statute of limitations governs the filing of new habeas petitions.  See 28

U.S.C. § 2244(d).  The limitations period runs from the latest of

> (A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The running of the statute is tolled when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  Id.

In this case, the statute of limitations began to run on April 8, 2004, when the period during which Petitioner could take a direct appeal expired.  Approximately three months later on July 6, 2004 Petitioner filed his PCRA Petition, thus tolling the statute of limitations until January 4, 2007, when the Pennsylvania Supreme Court denied *allocatur*.  Petitioner then had approximately nine months in which to seek relief under § 2254 before the limitations period expired.  He did not do so until November 29, 2007 -- approximately eleven months later.  Accordingly, his Petition is time-barred.

Petitioner contends that the limitations period should have remained tolled for an addition ninety days -- the period when he could have sought *certiorari*.  This is incorrect.  See Claiborne

v. Wilson, No. 06-1560, 2007 WL 2852441, at *2 n.3 (E.D. Pa. Sept. 26, 2007) ("The ninety day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the AEDPA limitations period.") (citing Stokes v. District Att'y of the County of Phila., 247 F.3d 539, 543 (3d Cir. 2001)).  Accordingly, I agree with the Magistrate Judge that the instant Petition is barred by AEDPA's one-year statute of limitations.

## IV.    CONCLUSION

Upon careful consideration of the Report and Recommendation, Petitioner's Objection, and all related submissions, I overrule the Objection and accept and adopt the Magistrate Judge's Report and Recommendation.

AND IT IS SO ORDERED.

/s/ Paul S. Diamond

_____

**Paul S. Diamond, J.**